# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

JOHN PATRICK SCHRECKENGAST
& ANDREA SCHRECKENGAST,

Plaintiffs,

CANNON COCHRAN MANAGEMENT
SERVICES, INC.,

Intervenor-Plaintiff,

v.

CHARLES S. CAROLLO,
individually, & LANDSTAR
INWAY, INC.,

Defendants.

CV 416-38

## ORDER

This case will be **CONTINUED**.

There are four factors [a court] generally consider[s] in determining whether a trial continuance is warranted. First, we examine the diligence of the party requesting the continuance to ready the case prior to the date set for trial. Second, we consider the likelihood that the need for a continuance could have been met if a continuance was granted. Third, we examine the extent to which granting the continuance would have been an inconvenience to the court and the opposing party. Fourth, we consider the extent to which the requesting party might have suffered harm as a result of the . . . court's denial of the continuance. Another relevant factor we entertain is whether the . . . court has granted a prior continuance in the case.

SEC v. Levin, 849 F.3d 995, 1005 (11th Cir. 2017).

Despite some degree of diligence from both parties in preparing this case for trial, five major motions were filed in the past two days. These issues can be resolved given a brief continuance. The continuance is an inconvenience to the Court, but allows it the benefit of adequate time to consider and resolve the outstanding motions. Although a continuance would inconvenience Defendants, it is not uncontemplated: Defendants raised the possibility of one as an alternative resolution for one of their June 21 motions. Dkt. No. 127. Plaintiffs might have suffered serious harm from the denial of a continuance, in that they may have been needlessly deprived of potentially significant medical expert testimony. Lastly, the Court has not granted any prior continuances in this case.

Therefore, the case is **CONTINUED** until further notice. The parties' representatives are hereby **DIRECTED** to appear at the **1st Floor Courtroom** in **Savannah, Georgia** at **9:00 AM** on **June 27, 2017** for a hearing on the following outstanding motions in this case: Dkt. Nos. 127-29, 131, 138. The trial schedule will be resolved at that time.

Defendants' Motion to Avoid Deposition of Dr. Paul Mazzeo, dkt. no. 128, will be further argued and addressed if a need to do so remains at the June 27 hearing. However, it is **GRANTED** insofar as the deposition scheduled for this

AO 72A
(Rev. 8/82)

afternoon, June 23, 2017, is **AVOIDED**. "A party who wants to depose a person . . . must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "If the notice is not reasonable, the deposition may be avoided . . . ." Adigun v. Express Scripts, Inc., No. 2:16-CV-39, 2017 WL 959583, at *5 (S.D. Ga. Mar. 10, 2017) (citations omitted). Noticing a deposition five days in advance has been held unreasonable. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 173 (4th Cir. 2014) (upholding barring of deposition). Defendants were given two fewer days than that. Given the continuance, there is no reason to force the deposition to proceed on so little notice.

**SO ORDERED**, this 23rd day of June, 2017.

/s/ Lisa Godbey Wood

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA